IN THE UNITED STATES DISTRICT COURT
WESTER DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| WANDA R. SULTAN and MOHAMED Y. SULTAN, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 2:10-CV-04271-NKL |
| v. | ) ) | |
| BAC HOME LOANS SERVICING L.P f/k/a COUNTRYWIDE HOME LOANS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Plaintiffs Wanda R. and Mohamed Y. Sultan (collectively "Plaintiffs") obtained two home loans through BAC Home Loans Services L.P. f/k/a Countrywide Home Loans, Inc. ("Defendant"). Plaintiffs now sue Defendant for fraud, violations of the Missouri Merchandising Practices Act, breach of fiduciary duty, negligence, negligent supervision, unjust enrichment, a violation of 15 U.S.C. § 1635, and rescission. [Doc. # 1 at 8-22]. Before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. [Doc. # 5 at 1]. For the following reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss.

**I.    Background**

On May 31, 2007, Plaintiffs closed two mortgage loans with BAC. The first was on property at 4100 Jungle Tree Drive, Columbia, Missouri. The second was on property

1

at 313 Brown Ave., Hallsville, Missouri.

For the Jungle Tree loan, Defendant did not provide a good faith estimate or an itemization of amount financed, and did not disclose the amount of fees it would charge. At closing on May 31, 2007, Defendant instructed Plaintiffs to sign the following documents: (a) good faith estimate disclosing $10,012.21 in estimated closing costs; (b) truth in lending disclosure indicating the existence of a mortgage insurance premium; (c) an itemization showing total fees of $11,840.75; and (d) settlement statement disclosing a loan discount fee paid to Defendant in the amount of $7,849.00. Plaintiffs allege that they were not shown documents (a) – (d) prior to closing and did not receive copies of documents (a) – (d) after closing. Although Plaintiffs signed documents (a) – (d), they remained unaware of the actual fees earned by Defendant until retained counsel explained the documents.

For the Hallsville loan, Plaintiffs allege that Defendant did not provide a good faith estimate for the mortgage loan and did not provide Plaintiffs with a notice of right to cancel. At closing on May 31, 2007, Defendant instructed Plaintiffs to sign the following documents: (a) truth in lending disclosure indicating an amount financed of $56,470.50; (b) itemization of amount financed disclosing total fees of $3,529.50; and (c) settlement statement disclosing a loan discount fee paid to Defendant in the amount of $2,850.00. Plaintiffs allege that they were not shown documents (a) – (c) prior to closing and did not receive copies of documents (a) – (c) after closing. Although Plaintiffs signed documents (a) – (c), they remained unaware of the actual fees earned by Defendant until retained counsel explained the documents.

According to the Plaintiffs, Defendant knew, or should have known, that Plaintiffs could not afford to pay the two mortgages that originated on May 31, 2007. After the closings, Plaintiffs subsequently went into default on both loans. Plaintiffs attempted but were unable to modify the loans, and Defendant foreclosed the Jungle Tree property in early 2010. Defendant also sent a notice of intent to foreclose on the Hallsville property, but Plaintiffs state that has not yet occurred.

In their Complaint, Plaintiffs claim that Defendant is liable for fraud, violations of the Missouri Merchandising Practices Act, breach of fiduciary duty, negligence, negligent supervision, unjust enrichment, a violation of 15 U.S.C. § 1635 and Regulation Z § 226.23 Rescission. [Doc. # 1, at 8-22]. Plaintiffs seek to recover from Defendant at least $100,000.00 for actual and punitive damages, interest at the statutory rate, for Plaintiffs' costs incurred herein, and for such other and further relief as this Court deems just and proper in the circumstances. With respect to the Hallsville property, Plaintiffs also seek to declare the security interest void and to rescind the transaction of May 31, 2007.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting

*Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. At this stage of the litigation, the Court assumes the facts in the Plaintiffs' Complaint to be true.

### A. Count I - Fraud

To prove a claim for fraud in Missouri, a plaintiff must show:

> (1) a false material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the statement; (5) the hearer's reliance on its truth, and the right to rely thereon; and (6) proximate injury.

*Constance v. B.B.C. Dev. Co.*, 25 S.W.3d 571, 580 (Mo. Ct. App. 2000) (citing *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713, 720 (Mo. Ct. App. 1995)).

Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead "the circumstances constituting fraud . . . with particularity." Specifically, a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006).

Here, Plaintiffs do not identify who made the statement that Defendant would help Plaintiffs obtain a home loan with low fees and a competitive interest rate. "[P]leaders alleging fraud are required to identify individuals involved in the fraud." *United States ex*

4

*rel. Williams v. Martin-Baker Aircraft Co.,* 389 F.3d 1251 (D.C. Cir. 2004). Plaintiffs allege generally that the Defendant made these representations when Plaintiffs agreed to work with Defendant to obtain a home mortgage, but do not indicate with any specificity when or where these representations took place, exactly what was said and who made the misrepresentations. Because the Plaintiffs fail to identify the who, what when, where, and how of the alleged false statements, Plaintiffs have not sufficiently plead a claim for fraud under the heightened pleading standard of Rule 9(b).

In addition, Plaintiffs state that many acts of the Defendant were illegitimate or "not for a legitimate purpose." However, these are conclusory statements and do not meet the specificity requirement of Rule 9(b).

For these reasons, Defendants' Motion to Dismiss is granted as to Count I.

### B.    Count II - Violations of the Missouri Merchandising Practices Act, RSMO § 407.020

Contrary to Plaintiffs' argument, the heightened pleading requirements of 9(b) "apply with equal force to state consumer fraud statutes as they do to common law fraud claims." *Courchene v. Citibank, N.A.,* No. 06-4026-CV-C-NKL, 2006 WL 2192110 (W.D. Mo. Aug. 1, 2006). In this case, Plaintiffs do not meet that standard because Plaintiffs' Complaint does not state with specificity the time, place, or contents of the false representations nor do they identify any individual who made the misrepresentations.

The Court is not persuaded by Plaintiffs' argument that their MMPA claim is plead with particularity because it alleges that Defendant has engaged in similar misconduct in

other transactions, "pursuant to standard practices and policies." [Doc. # 8 at 3]. Such a general statement does not specifically or adequately identify the who, what, when, where, and how of the alleged similar misconduct. Therefore, this allegation also fails under Rule 9(b).

Defendant's Motion to Dismiss Count II is granted.

C. **Count III, IV, and V - Breach of Fiduciary Duty, Negligence, Negligent Supervision**

As to Counts III, IV and V, Plaintiffs have the burden to show that Defendant owed them a duty. Missouri law provides that a lender owes no duty to a borrower. *UT Communications Credit Corp. v. Resort Dev., Inc.*, 861 S.W.2d 699, 710 (Mo. Ct. App. 1993). However, a broker of a mortgage does have a fiduciary relationship to the mortgagee and owes the mortgagee a duty. *See Jefferson v. American Financial Group, Inc.*, 163 S.W.3d 485 (Mo. Ct. App. 2005). Also *see Myer v. Preferred Credit, Inc.*, 766 N.E.2d 612 (2001). Thus, the question here is whether Plaintiffs have properly alleged that Defendant was a broker rather than a lender when it closed the loans on May 31, 2007.

Plaintiffs allege that Defendant is its broker: "BAC, when it agreed to broker and/or originate the abovementioned loans for Plaintiffs, owed a fiduciary duty to keep Plaintiffs fully informed and to make full disclosure of all facts regarding such loans." [Doc. # 1 at 13]. However, the settlement statement which is attached to Plaintiffs' Complaint suggests that Defendant is the lender, not a broker. Further, Plaintiffs are seeking rescission which could only be done in this litigation if BAC is the lender rather

6

than a broker. On the other hand, Plaintiffs allege that the amount of fees paid to the Defendants is more in keeping with a broker's commission.

Because Plaintiffs have alleged alternatively that Defendant was a broker, and because the reference to the settlement statement was first alleged in Defendant's Reply brief, precluding a response by Plaintiffs, the Court will not grant the Motion to Dismiss at this stage of the litigation. However, the Court notes the obligation of Federal Rule of Civil Procedure 11, that a party must withdraw an allegation that it learns is not supported by fact. A party who fails to do so is subject to sanctions.

### D. Count VI – Unjust Enrichment

Plaintiffs allege that because Defendant "engaged in fraud and other unfair practices in connection with the May 31, 2007 closing, it would be inequitable for BAC to retain any benefit from Plaintiffs' home loans, including, but not limited to any benefit related to the $60,000.00 in equity that was extracted from 313 Brown, Hallsville." [Doc. # 1 at 17]. Defendant moves to dismiss this claim because the express contractual relationship between the parties bars Plaintiffs from claiming unjust enrichment. [Doc. # 5 at 9].

It is true that a party to an express contract cannot recover for unjust enrichment based on a theory of quantum meruit. *Krupnick & Assocs., Inc. v. Hellmich*, 378 S.W.2d 562, 569070 (Mo. 1964); *Goldstein & Price, L.C. v. Tonkin & Mondl, L.C.*, 974 S.W.2d 543, 550 (Mo. Ct. App. 1998); and *Fidelity Tel. Co. v. Shields, Britton & Fraser*, 159 F.R.D. 518, 519 (E.D. Mo. 1995). However, quantum meruit is only one example of a claim based on unjust enrichment. *See* Restatement (Third) of Restitution and Unjust

Enrichment. While the parameters of unjust enrichment are murky, it is clearly a multifaceted theory of liability which includes torts such as fraud, breach of fiduciary duty and other less clearly defined claims. *See* Emily Sherwin, *Restitution and Equity: An Analysis of the Principle of Unjust Enrichment*, 79 Tex. L. Rev. 2083 (2001). Missouri, in fact, recognizes that an unjust enrichment claim is viable even when the parties have a contract, so long as the claim is separate from the contract. *See Petrie v. LeVan*, 799 S.W.2d 632 (Mo. Ct. App. 1990).

Because Plaintiffs' Complaint is not based on contract or quantum meruit, which is the only basis raised by Defendant to dismiss Count VI, the cases and principles cited by Defendant are not controlling. Defendant's Motion to Dismiss Counts III, IV and V is denied.

### E. Count VII – 15 U.S.C. § 1635 and Regulation Z § 226.23 Rescission

Plaintiffs state that "Defendant violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind." [Doc. # 1 at 19]. 15 U.S.C. § 1635 and Regulation Z § 226.23(a)(3) provide that after a consumer has received notice of the right to rescind, the consumer has three business days to rescind the transaction. If the consumer is not provided notice, the right to rescind the transaction expires three years after consummation of the transaction. Plaintiffs allege that "[o]n approximately May 31, 2007, Plaintiffs entered into a consumer credit transaction related to real estate commonly known as 313 Brown Avenue, Hallsville, Missouri 65255." [Doc. # 1 at 18]. It also claims that Defendant never gave Plaintiffs the required three-day notice.

8

Defendant argues that because Plaintiffs did not receive notice, their right to rescind the transaction expired on May 31, 2010. [Doc. # 5 at 10, 11]. Defendants then reason that Plaintiffs' rescission claim is time barred because Plaintiffs did not file suit until June 17, 2010, more than three years after the consummation of the transaction. Plaintiffs respond that "[o]n May 14, 2010, Plaintiffs rescinded the transaction by sending to Defendant a notice of rescission." [Doc. # 1 at 20]. Thus, the question is whether Plaintiffs' rescission notice of May 14, 2010, which occurred within three years of the closing of the loan, affects the time when suit for rescission had to be filed.

Because Plaintiffs filed a notice of rescission within three years of the loan closings, the three-year statute of limitations addressed by the United States Supreme Court in *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), is not controlling. Instead Plaintiffs have one year from Defendant's refusal to rescind, to file a claim pursuant to 15 U.S.C. 1635, et seq. To the extent Plaintiffs are alleging a rescission claim based on the lender's refusal to rescind after timely notice is given, the Defendant's Motion to Dismiss must be denied. *See Hunter v. Countrywide Home Loans*, 400 B.R. 651 (2009).

Defendant also claims that Plaintiffs cannot seek rescission because they received the benefit of the loan and, therefore, should be estopped from rescission. However, there is nothing in the Truth In Lending Act that says if you receive the benefit of the loan, you cannot rescind within the time period set by the TILA. It appears that when notice is not given, the TILA permits rescission for three years "after consummation of the transaction." In this case, the transaction was consummated on May 31, 2010, by the closing of the loan which necessarily involved transfer of the loan proceeds. Absent

9

evidence that the TILA precludes rescission after the loan proceeds have been transferred, the Court declines to grant Defendant's Motion to Dismiss.

### III. Conclusion

Accordingly it is hereby ORDERED that Defendant BAC Home Loans Servicing L.P f/k/a Countrywide Home Loans, Inc.'s Motion to Dismiss [Doc. # 4] is GRANTED as to Counts I and II, but DENIED as to Counts III, IV, V, VI and VII.

 s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  April 25, 2011  
Jefferson City, Missouri