IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WANDA R. SULTAN and,<br>MOHAMED Y. SULTAN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2: 10-cv-04271-NKL<br>) |
| BAC HOME LOANS SERVICING L.P.<br>f/k/a COUNTRYWIDE HOME LOANS,<br>INC.,<br>Defendant. | )<br>)<br>)<br>) |

**ORDER**

Before the Court are Defendant's Motion for Leave to File Answer [Doc. # 44] and Plaintiffs' Motion to Deny Leave Regarding Defendant's Untimely Answer [Doc. # 42]. For the following reasons, the Court grants Defendant's Motion and denies Plaintiffs' Motion.

**I.  Background**

On December 17, 2010, Plaintiffs filed their Complaint in the Court. On January 12, 2011, Defendant timely filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 25, 2011, the Court denied Defendant's Motion to Dismiss in part and granted it in part. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant's responsive pleading was due to be filed on or before May 9, 2011. Defendant filed its answer on October 3, 2011. On October 6, 2011, Plaintiff filed a Motion to Deny Leave for Defendant to file its answer, and Defendant filed its Motion for Leave to File on October 14.

Defendant claims its delay was caused by medical emergencies affecting both of its attorneys of record. Defendant states that the supervising attorney was out of the office due to serious illness from May 6, 2011 to May 23, 2011, and thereafter placed on emergency medical leave, during which time she withdrew from the matter. Defendant also claims that the other attorney of record was periodically out of the office from late April until early May due to serious illness including some hospitalization. Defendant claims that upon the return of the second counsel to work, she overlooked that an answer had not been filed due to a clerical mistake in which the response date was not docketed on either attorney's calendar. Defendant further claims that it was not until a recent review of the pleadings that the current attorneys of record realized an answer had never been filed. [Doc. # 45 at 1-2].

**II.     Discussion**

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may grant a party leave to file a pleading after the original deadline has expired "if the party failed to act because of excusable neglect." As stated by the Eighth Circuit, "[e]xcusable neglect is an elastic concept that empowers courts to accept, where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. Metlife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (internal citations omitted). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 946, citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Among the factors to be analyzed include reasons for the delay; the length of the

2

delay and the possible impact of such a delay on judicial proceedings; the possibility of prejudice to the other party; and whether the party acted in good faith. *Id.* at 946.

Here, the Court finds that Defendant has provided sufficient evidence of excusable neglect to warrant permission to file its answer out of time. Defendant has provided sworn depositions by three attorneys stating that the failure to timely file was caused by the medical emergencies and clerical oversight discussed above. Defendant's delay of five months also has not had a negative impact on the judicial proceedings, as Defendant has already put Plaintiffs on notice of most of their affirmative defenses through their previous motions to dismiss. The Court finds reasonable the explanation by Defendant that its remaining affirmative defense of unclean hands arose too late to include in a motion to dismiss, as it appears to stem from the Plaintiffs' deposition testimony in October, which Defendants are offering as evidence that Plaintiffs "signed loan applications containing false information for the loans at issue in this case and in which they contradicted various allegations made in their Complaint."[1]  [Doc. # 46-2 at 2].

Because Defendant has already been put on notice of the majority of the affirmative defenses, and the remaining affirmative defense only arose as a result of recent deposition

---

[1] Plaintiff's apparent argument that the assertion of the unclean hands defense requires Defendant to produce additional discovery regarding Defendant's alleged inequitable conduct is without merit, as Defendant's defense relates to the conduct of Plaintiffs, not Defendant. *See Feinstein v. Cubur Corp.*, 721 S.W.2d 763, 766 (Mo. Ct. App. 1986) ("One who has engaged in inequitable activity regarding the very matter for which he seeks relief will find his actions barred by his own misconduct.") Plaintiff's fear that an assertion of this defense will entitle Defendant to new discovery is also unfounded, as the deadline for written discovery has passed and the Court will not permit additional discovery on this defense.

3

Case 2:10-cv-04271-NKL   Document 58   Filed 12/21/11   Page 3 of 6

testimony, the Court finds that Plaintiffs have not suffered prejudice by the filing delay. Plaintiffs have also presented no evidence suggesting that Defendant has acted in bad faith in filing a late answer.

Plaintiffs appear also to argue that Defendant's answer should be struck for inaccuracy and insufficiency. Striking a pleading is an "extreme and disfavored measure." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2004). To strike a responsive pleading, Plaintiffs must show that the material in the answer is redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. Proc. 12(f). Plaintiffs argue first that the affirmative defense of unclean hands should be struck for insufficiency because it is essentially a claim for fraud, requiring pleading with particularity according to Federal Rule of Civil Procedure 9(b). However, Plaintiffs provide no authority for their apparent claim that the defense of unclean hands should be treated as an affirmative claim for fraud governed by Rule 9(b) rather than a defensive rule barring litigants from being granted equitable relief as it is interpreted in Missouri case law. *See Reyner v. Crawford*, 334 S.W.3d 168, 174 (Mo. Ct. App. 2011). Plaintiffs also make various allegations[2] of inaccuracy against Defendant's pleadings in which Defendant states that it is without sufficient knowledge or information about various activities and property ownership of Plaintiffs prior

---

[2] For example, Plaintiffs argue that Defendant should not be permitted to state in its Answer that it is without sufficient knowledge to admit or deny that "Plaintiffs appeared for a closing of the home loan for 1700 Sycamore on May 30, 2007, and signed some of the closing documents, including a deed of trust." Plaintiff also points to Defendant's pleading that it is without sufficient information to admit or deny that "prior to May 31, 2007, Plaintiffs owned 313 Brown, Hallsville free and clear of any mortgages or other similar encumbrances." [Doc. # 42 at 4].

4

to May 31, 2007.[3] However, given that the recent deposition testimony of Plaintiffs appears to raise a possible dispute regarding the accuracy of the dates of the signings and closings at issue, the Court will not strike these pleadings for inaccuracy or insufficiency.

Plaintiffs also appear to argue in their reply that Defendant's eighth affirmative defense, which states that Plaintiffs' claim for rescission is barred by their failure to tender the amount owed, should be stricken. Plaintiffs base this position upon the argument that the tender requirement is "unfounded" and that "defendant has claimed no discovery regarding its inequitable conduct is [sic] allowed...yet...an unfounded tender requirement...puts defendant's inequitable conduct squarely at issue." [Doc. # 47 at 2]. However, Eighth Circuit case law has permitted district courts to impose a tender requirement upon a consumer seeking rescission. *See Federal Deposit Ins. Corp. v. Hughes Dev. Co.*, 938 F.2d 889 (8th Cir. 1991). Plaintiffs have also not provided binding case law indicating that inequitable conduct by Defendants would cancel any tender requirement imposed by the Court. Given the state of the law, therefore, Defendant's affirmative defense is a colorable and will not be stricken.

Plaintiffs also appear to argue that Defendant's second affirmative defense should be struck, which states that "Plaintiff's damages, if any, were caused in whole or in part by persons over which Defendant had no control, including Plaintiffs." [Doc. # 51 at 3].

---

[3] Plaintiffs also appear to allege that Defendant's pleading inaccurately states that it lacks sufficient information or knowledge as to whether notices of the right to cancel were provided. However, Defendant's answer clearly concedes that these notices were provided. [Doc. # 38 at 3].

Plaintiff's argument appears to rest upon the fact that "defendant has claimed no discovery is allowed regarding identifying the owner of this loan or defendant's communications to the owner concerning rescission." [Doc. # 47 at 2]. The Court does not understand the relationship between Plaintiff's discovery requests concerning ownership of the loans, and their unjust enrichment claim. Thus the Court will not strike this affirmative defense and will address Plaintiff's argument, if necessary, once a factual record is established. If there is a discovery dispute, it should be addressed by phone.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant's Motion for Leave to File Answer [Doc. # 44] is GRANTED and Plaintiffs' Motion to Deny Leave Regarding Defendant's Untimely Answer [Doc. # 42] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 21, 2011  
Jefferson City, Missouri